## TURNIPSEED et v BOWNESS

Ohio Appeals, 4th Dist, Ross County

Decided April 23, 1929

Garrett S Claypool, Chillicothe, and Luther L Boger, Columbus, for Turnipseed, et.

Walter W Boulger and Willard C Walter, both of Chillicothe, for Bowness.

## HOUCK, J.

The only substantial question raised here is that as the case was being concluded the plaintiff testified on re-cross examination that he had a month to month contract and was to receive a five dollar bonus on pups which he raised to maturity and that this contract was terminable at the will of either party. The witness further testified that these pups would have been matured in October. The testimony of the plaintiff in this behalf was that "It would be a month to month contract." He was then referring to the original arrangement made between the parties in 1926 and at most was giving his views of the proper legal description of the engagement into which he had entered, which of course would not be binding upon him nor upon this court so far as it was a legal interpretation of the

circumstances. We do not think, however, that he testified in any place that the entire arragement was one from month to month. He testifies that he was to be paid at the rate of $125.00 per month and that was his basic wage. His testimony as a whole shows, however, that he was entitled to annual compensation figured upon the result of the year's work. Some question might have been made as to when the year began and ended. The parties have, however, given a practical construction to the contract which settles the question as between them. No extra compensation was paid the plaintiff or claimed by him for the foxes raised to maturity in the year 1926 altho the plaintiff was their custodian from August to October. The plaintiff was paid the additional compensation for 1927, during which year he worked thru both the breeding season and the puphood season. Now the failure of the defendant to pay extra compensation the first year and the failure of the plaintiff to claim for that year seems to show that the important and delicate season in this business is the breeding season, and during that season the defendants had the benefit of the plaintiff's services. The only question that remained then was whether or not plaintiff should receive his additional compensation for 1928 when he had conducted the business thru the delicate season or whether he should be deprived thereof by the arbitrary conduct of the defendants in dismissing him. This was the question submitted to the jury. It is not disputed that it was fairly submitted. The jury found that there were no sufficient grounds for the plaintiff's discharge, that he had brought the mother foxes to the point where two hundred and fifteen pups were produced, and that he might well have brought them to maturity if he had been given the opportunity to which he was entitled.

Mauck and Lemert, JJ, cocnur.